Terry BLEVINS, Plaintiff–Appellant,

v.

Larry REID, Warden, CSP; John Doe #1 Tom M., Chairperson Ad Seg Hearing; Judy Lindsey, Initiating Employee; Cathy Slack, Administrative Head/Director, Defendants–Appellees.

No. 06–1476.

United States Court of Appeals, Tenth Circuit.

March 29, 2007.

Terry Blevins, Canon City, CO, pro se.

Before BRISCOE, McKAY, and McCONNELL, Circuit Judges.

### ORDER AND JUDGMENT *

MONROE G. McKAY, Circuit Judge.

In this *pro se* state prisoner civil rights appeal, Plaintiff attacks his twice having been classified and placed in administrative segregation, the forfeiture of his property, and various conditions of his confinement. Relying on *Steele v. Federal Bureau of Prisons,* 355 F.3d 1204, 1210 (10th Cir.2003), the district court dismissed Plaintiff's second amended complaint for failure to establish exhaustion of administrative remedies.

This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.

In *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223 (10th Cir.2007), we recognized that the Supreme Court's recent decision in *Jones v. Bock*, — U.S. ——, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007) abrogated *Steele* by determining that failure to exhaust is an affirmative defense and that prisoners are not required to specially plead or prove exhaustion in a complaint.[1]

In light of *Jones v. Bock*, the case is **REMANDED** for reconsideration consistent with that decision. *See Aquilar–Avellaveda*, 478 F.3d at 1226. We **GRANT** Plaintiff's renewed motion for leave to proceed without prepayment of the appellate filing fee, and remind Petitioner of his obligation to continue making partial payments until the entire fee has been paid in accordance with the Clerk's Office assessment of partial payments.

1. We note that Plaintiff's original and amended complaints allege that he has exhausted administrative remedies on all his claims because the Colorado Department of Correc- tions failed to answer his grievance petition with the 45–day time frame allotted by § 850– 4 of the Colorado Department of Correction Administrative Regulations.